[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-14637
Non-Argument Calendar
_____

D.C. Docket No. 1:13-mi-00103-WBH

KYUNG L. TROTTER,

                                                      Plaintiff-Appellant,

versus

MICHAEL D. AYRES, SR.,
TERESA COVINGTON-AYRES,

                                                      Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(May 13, 2015)

Before ED CARNES, Chief Judge, MARCUS and WILLIAM PRYOR, Circuit
Judges.

PER CURIAM:

Kyung Trotter, proceeding pro se, appeals the dismissal of her Rule 60(b) motion asking the district court to set aside a state court child custody order allegedly procured through fraud upon the court.  Trotter contends that the district court erred when it found that it did not have subject matter jurisdiction to review the state court's resolution of her domestic dispute.

I.

Trotter endured a lengthy custody battle against the paternal grandparents of her daughter Kiara.   After the Superior Court of Cobb County, Georgia entered an order granting Michael Ayres, Sr. and Teresa Covington-Ayres sole legal and physical custody of Kiara, Trotter appealed all the way to the United States Supreme Court, where her petition for a writ of certiorari was denied.

Having exhausted direct appeals, Trotter sought a fresh start in the federal district court.  But instead of a complaint, she filed a motion under Federal Rule of Civil Procedure 60(b), naming the Ayreses as defendants and asking the court to declare that the custody order was "void ab initio" on the basis that it was procured through the fraudulent actions of Trotter's attorneys, Kiara's guardian ad litem, and the state court trial judge who entered the order, among others.  She argued that the Rooker-Feldman[1] doctrine did not bar the court from reviewing the state court's judgment because she sought relief not from legal error but from extrinsic fraud.

---

[1] See D.C. Court of Appeals v. Feldman, 460 U.S. 462, 103 S. Ct. 1303 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S. Ct. 149 (1923).

The district court rejected that argument and dismissed the motion for lack of jurisdiction. This is Trotter's appeal.

## II.

We review de novo a district court's determination of whether it has subject matter jurisdiction. Sweet Pea Marine, Ltd. v. APJ Marine, Inc., 411 F.3d 1242, 1247 (11th Cir. 2005). We may affirm a district court's decision for any reason supported by the record. Cochran v. U.S. Health Care Fin. Admin., 291 F.3d 775, 778 n.3 (11th Cir. 2002).

The district court properly dismissed Trotter's action. To begin, Rule 60(b) is not the appropriate vehicle to initiate an action in federal court. See Albra v. Advan, 490 F.3d 826, 829 (11th Cir. 2007 ) ("[A]lthough we are to give liberal construction to the pleadings of pro se litigants, we nevertheless have required them to conform to procedural rules.") (quotation marks omitted). But even construing Trotter's Rule 60(b) motion liberally as a complaint, we cannot discern a basis for the court's subject matter jurisdiction. Trotter asserted that various individuals violated her due process rights, but the motion did not name those individuals as defendants. She did not assert any federal claims against the Ayreses. See 28 U.S.C. § 1331. To the extent she asserted state law claims against them, she failed to allege diversity of citizenship or an amount in controversy exceeding $75,000. See id. § 1332.

3

And even if Trotter's allegations had presented a federal question or established diversity of citizenship, the district court would have lacked subject matter jurisdiction because of the Rooker-Feldman doctrine.  That doctrine bars a state-court loser from later enlisting a federal district court to reverse her state-court loss.  See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284, 125 S. Ct. 1517, 1521–22 (2005).   It applies when:  (1) the plaintiff was the loser in state court, (2) the plaintiff is complaining of an injury caused by the state court's judgment, (3) the state court's judgment was "rendered before the district court proceedings commenced," and (4) the plaintiff is "inviting district court review and rejection" of the state court's judgment.  Id.  We must also find that the claims barred by the doctrine were actually brought in state court or are "inextricably intertwined" with the state court's judgment.  Casale v. Tillman, 558 F.3d 1258, 1260 (11th Cir. 2009) (quotation marks omitted).

All of those conditions were met here.  Trotter lost in state court and complained of an injury — the loss of custody — caused by the state court's judgment.  The judgment was rendered well before she commenced proceedings in the district court, and she asked the court to review and reject it.  Finally, to the extent we can discern Trotter's claims, it is clear that they were "inextricably

4

intertwined" with the state court judgment because a ruling in her favor would have effectively nullified it.[2]  See id.

**AFFIRMED.**

---

[2] Trotter contends that the custody order is exempt from Rooker-Feldman because it was procured through fraud on the court.  Even if this Court had recognized a fraud exception to that doctrine, which it has not, Trotter's argument is little more than a claim that the state court result was wrong and the only possible reason for it was fraud.  That argument is without merit.